1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NAOMI SUE WHITE EAGLE,

                              Plaintiff,

        v.

J MICHAELIS, et al.,

                              Defendants.

Case No. C22-5410 BHS-TLF

ORDER TO SHOW CAUSE

        This matter comes before the Court on plaintiff's application to proceed *in forma pauperis* and proposed complaint. Dkt. 1. Plaintiff is proceeding *pro se* in this matter. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4); Dkt. 1. In light of the deficiencies in the complaint identified herein, it appears that plaintiff's complaint is subject to dismissal. The Court will provide the plaintiff the opportunity – by September 2, 2022– to show cause why plaintiff's IFP application should not be denied.

                                BACKGROUND

        Plaintiff brings this action alleging that the named defendants violated plaintiff's rights. Dkt. 1-1. Plaintiff contends that plaintiff reported stomach and bowel issues to the defendants. Dkt. 1-1 at 4. The complaint states that the defendants neglected plaintiff's requests and provided inadequate treatment. Dkt. 1-1 at 4-5, 10. Plaintiff alleges that

ORDER TO SHOW CAUSE - 1

defendants' conduct amounted to an Eighth Amendment violation, an Equal Protection violation, and negligence. Dkt. 1-1 at 5-7, 11-13. Next, plaintiff states that defendants' conduct amounts to retaliation because defendants' deprived plaintiff of privileges and ignored plaintiff's grievances. Dkt. 1-1 at 7-8. The complaint also contends that defendants violated plaintiff's rights under the Americans with Disabilities Act by disregarding plaintiff's medical needs. Dkt. 1-1 at 14.

<u>DISCUSSION</u>

The district court may deny leave to proceed *in forma pauperis* at the outset if the complaint on its face is frivolous or without merit. *See O'Loughlin v. Doe,* 920 F.2d 614, 616-617 (9th Cir. 1990); *Kittleson v. Washington*, 683 Fed. Appx. 639, 2017 WL 1046218 (9th Cir. 2017) (unpublished). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy,* 745 F.2d 1221, 1228 (9th Cir. 1984).

Pursuant to Federal Rule of Civil Procedure (FRCP) 8(a), a pleading that states a claim for relief must contain:

(1) A short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support.

(2) A short and plain statement of the claim showing the pleader is entitled to relief; and

(3) A demand for relief sought which may include relief in the alternative or different types of relief.

While the pleading standard under FRCP 8 "does not require 'detailed factual allegations,' it demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusations." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The pleading must contain more than "labels and conclusions" or "naked assertions[s]" devoid of "further factual enhancements." *Id.* (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

When a plaintiff appears pro se in a civil rights case, "the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 624 (9th Cir. 1988). Yet this lenient standard does not excuse a pro se litigant from meeting the most basic pleading requirements. *See, American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams,* 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). Vague and conclusory allegations of officials participating in a civil rights violation are not sufficient to support a claim under Section 1983. *Ivey v. Board of Regents*, 673 F.2d 266, 269 (9th Cir. 1982).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the *pro se* litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith.* 974 F.2d 1050, 1055 (9th Cir. 1992). Leave to amend need not be granted

1    "where the amendment would be futile or where the amended complaint would be

2    subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

3        A.   Personal Participation

4        Plaintiff fails to allege sufficient facts showing how each defendant personally

5    participated in the alleged violations.

6        Under Section 1983, an inmate must show that each of the defendants was

7    involved in violating the Constitution; liability of an official will only be found if there is

8    individual culpable action or inaction. *Hines v. Youseff*, 914 F.3d 1218, 1228 (9th Cir.

9    2019). A supervisor is liable for action of subordinates that violate constitutional rights if

10   the supervisor "participated in or directed the violations, or knew of the violations and

11   failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

12   Generally, allegations that a prison official inappropriately denied or failed to adequately

13   respond to a grievance, without more, is insufficient to state a Section 1983 cause of

14   action. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

15       Plaintiff's complaint alleges that the defendants acted negligently and provided

16   plaintiff with inadequate treatment for the conditions alleged. Yet, the complaint does

17   not allege facts identifying what each defendant did or failed to do. Plaintiff's general

18   allegations of misconduct are insufficient to allege the personal participation of each

19   named defendant.

20       B.   Eighth Amendment

21       Plaintiff's Eighth Amendment claims are subject to dismissal because plaintiff has

22   failed to allege sufficient facts to state a viable claim.

23

24

25

1    To state an Eighth Amendment claim based on prison medical treatment the

2  plaintiff must demonstrate deliberate indifference to their serious medical needs. *Jett v.*

3  *Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). A determination of deliberate indifference

4  involves an examination of two elements: (1) the seriousness of the prisoner's medical

5  need and (2) the nature of the defendant's response to that need. *McGuckin v. Smith*,

6  974 F.2d 1050, 1059 (9th Cir. 1992).

7    A "serious medical need" exists if the failure to treat a prisoner's condition would

8  result in further significant injury or the unnecessary and wanton infliction of pain

9  contrary to contemporary standards of decency. *Helling v. McKinney,* 509 U.S. 25, 32-

10  35 (1993); *McGuckin*, 974 F.2d at 1059. An inmate is not required "to demonstrate that

11  he or she experiences pain that is at the limit of human ability to bear," nor does the

12  inmate have to show "that his or her condition will degenerate into a life-threatening

13  one." *Brock v. Wright*, 315 F.3d 158, 163 (2nd Cir. 2003).  A serious medical need may

14  be present where there is:

15        . . . The existence of an injury that a reasonable doctor or patient would
          find important and worthy of comment or treatment; the presence of a
16        medical condition that significantly affects an individual's daily
          activities; or the existence of chronic and substantial pain . . .
17

18  *McGuckin*, 974 F.2d at 1059-60.

19    A plaintiff satisfies the second requirement that defendant's response to the need

20  was deliberately indifferent by showing "(a) a purposeful act or failure to respond to a

21  prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett,*

22  439 F.3d at 1096 (citation omitted). An official is deliberately indifferent to a serious

23  medical need if the official "knows of and disregards an excessive risk to inmate health

24

25

ORDER TO SHOW CAUSE - 5

or safety". *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "[T]he official must both be aware of facts from which the inferences could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* Mere negligence is insufficient to state an Eighth Amendment claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Similarly, a mere difference of opinion between the defendant and plaintiff regarding the appropriate course of treatment is insufficient to establish an Eighth Amendment violation. *Edmo v. Corizon, Inc.*, 949 F.3d 489, 495 (9th Cir. 2020).

Plaintiff's complaint alleges that plaintiff experienced "stomach issues & bowel problems." Plaintiff also contends that the defendants' acted negligently by providing inadequate medical treatment. These contentions are insufficient to allege a cause of action for an Eighth Amendment violation. The complaint fails to allege what the defendants did or failed to do or how such conduct shows deliberate indifference. The complaint also does not explain how the treatment plaintiff received was inadequate. Further, the complaint contends that the defendants acted negligently while providing treatment. Yet, mere negligence is insufficient to allege an Eighth Amendment violation.

Without further factual development, plaintiff's Eighth Amendment claims fail to state a viable cause of action.

C.  ADA Claims

Plaintiff's Americans with Disabilities Act claims appear subject to dismissal for failure to state a claim.

Title II of the Americans with Disabilities Act is designed to ensure that qualified individuals with a disability are not excluded from participation in or denied the benefits of a program, service or activity of any public entity, service or program receiving federal

financial assistance on the basis of their disability. 42 U.S.C. § 12132. This statute also ensures that public entities, services and programs receiving federal financial assistance do not otherwise discriminate against an individual with a qualified disability based on such disability. 42 U.S.C. § 12132. A plaintiff cannot raise a cognizable claim under the Americans with Disabilities Act on the ground that a public entity inadequately treated plaintiff's disability. *Simmons v. Navajo County*, 609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability."); *Rodriguez v. Wu*, 564 Fed. Appx. 315, 316 (9th Cir. 2014).

Plaintiff's complaint alleges that the defendants violated the Americans with Disabilities Act by disregarding plaintiff's medical needs and creating an unjustified health risk. The complaint attempts to raise a cause of action under the Americans with Disabilities Act for inadequate medical treatment. Plaintiff cannot raise a cognizable claim under the Americans with Disabilities Act for inadequate medical treatment. *Rodriguez*, 564 Fed. Appx. at 316. To allege a cause of action for violation of the Americans with Disabilities Act, plaintiff would need to state sufficient facts alleging that the defendants discriminated against plaintiff *because* of plaintiff's disability.

Without further factual development, plaintiff's Americans with Disabilities Act claims are subject to dismissal.

D.  Equal Protection

Plaintiff's complaint fails to state sufficient facts to allege a viable Equal Protection Claim.

To allege an equal protection violation, plaintiff has the burden of asserting facts proving the existence of purposeful discrimination. *Washington v. Davis*, 426 U.S. 229,

240-241 (1976). A plaintiff must allege facts showing that the defendants intentionally or purposefully discriminated against plaintiff based on plaintiff's membership in a protected class. *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013). Plaintiff is required to show that a decision maker undertook "a course of action 'because of,' not merely 'in spite of,'" negative effects on an identifiable group. *Ashcroft,* 556 U.S. at 677-678 (quoting *Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 279 (1979)). To do this the plaintiff must identify the relevant class of similarly situated people to which plaintiff belongs. *Furnace*, 705 F.3d at 1030.

Alternatively, courts have recognized that equal protection claims may be brought by "a class of one." *Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). A class of one claim arises when plaintiff alleges that they have been intentionally treated differently from other similarly situated people and that there is no rational basis for different treatment. *Id*. This theory alleges that the defendants arbitrarily discriminated against the specific plaintiff rather than against a group or protected class. *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008).

Plaintiff alleges that the defendants treated plaintiff unfairly by ignoring plaintiff's medical issues. The complaint does not allege that the defendants discriminated against plaintiff based on plaintiff's membership in a protected class. Plaintiff provides no facts demonstrating that the defendants' alleged misconduct was *because* of plaintiff's membership in a protected class or that the defendants singled out plaintiff specifically for discrimination.

Based on the foregoing, without further factual development, plaintiff's Equal Protection claim fails to state a viable cause of action.

E.  <u>First Amendment Retaliation</u>

Plaintiff's complaint appears to raise a First Amendment retaliation claim because the defendants allegedly deprive plaintiff of certain privileges and rights. These allegations are insufficient to state a cause of action for First Amendment violations.

To state a First Amendment claim for retaliation, a plaintiff must show that: 1) "a state actor took some adverse action against the inmate, 2) because of 3) that prisoner's protected conduct, and that such action, 4) chilled the inmate's exercise of his First Amendment rights, and 5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson,* 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff's complaint provides a conclusory allegation that as retaliation the defendants denied plaintiff privileges and rights by ignoring grievances. Plaintiff does not identify how defendants allegedly denied plaintiff's privileges and rights. Further, the complaint does not identify any facts suggesting that defendants alleged misconduct was because of plaintiff's protected conduct.

Based on the foregoing, plaintiff's alleged facts are insufficient to state a retaliation cause of action.

CONCLUSION

Due to the deficiencies described above, it appears that plaintiff's complaint is subject to dismissal. Plaintiff may show cause why plaintiff's application to proceed *in forma pauperis* should not be denied or may file a proposed amended complaint to cure, if possible, the deficiencies noted herein, on or before **September 2, 2022.**

If an amended complaint is filed, it must be legibly written or retyped in its entirety and contain the same case number. Any cause of action alleged in the original

1   complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana,*
2   *Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v.*
3   *Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

4          The Court will screen the amended complaint to determine whether it states a
5   claim. If the amended complaint is not timely filed or fails to adequately address the
6   issues raised herein, the undersigned will recommend the denial of plaintiff's application
7   to proceed *in forma pauperis.*

8          The Clerk is directed to send plaintiff the appropriate forms for filing 42 U.S.C. §
9   1983 civil rights complaint and for service, a copy of this Order and the *Pro Se*
10  information sheet.

11         Dated this 12th day of August, 2022.

12

13

14         *Theresa L. Fricke*
15         Theresa L. Fricke
           United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

ORDER TO SHOW CAUSE - 10