UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NAOMI SUE WHITE EAGLE,<br><br>     Plaintiff,<br>v.<br>J. MICHAELIS, ET AL,<br><br>     Defendants. | Case No. 3:22-cv-5410-BHS-TLF<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR OCTOBER 13, 2023 |

Before the Court is a motion for preliminary junction of Plaintiff Naomi Sue White Eagle. Dkt. 19. Ms. Eagle seeks an order from the Court scheduling her sexual reassignment surgery (SRS) immediately. For the following reasons, Plaintiff's motion should be DENIED, and Docket 17 should be stricken.

**FACTS**

Plaintiff's Amended Complaint – the operative complaint – was served on November 1, 2022. Dkt. 9, Dkt. 10. Plaintiff contends that she reported stomach and bowel issues to Defendants. Defendants allegedly neglected Plaintiff's requests and provided her with inadequate treatment. Thus, Plaintiff claims that Defendants violated her Eighth Amendment rights.

On January 10, 2023, Plaintiff filed a "Supplemental Motion/Additional Grounds." Dkt. 17. In this supplemental document, Plaintiff alleges that Defendants, particularly, Defendant Holdway, have ignored her requests and need for a sexual reassignment

REPORT AND RECOMMENDATION - 1

surgery ("SRS"). She claims that she has filed medical kites and grievances relating to her need for the SRS, and without it, she continues to suffer from mental and emotional distress. Dkt. 17 at 7.

On July 12, 2023, Plaintiff filed the instant motion for preliminary injunction. Dkt. 19. She seeks an order from the Court granting Plaintiff's request for the SRS. Defendants, in their response, argue that Plaintiff's motion is unrelated to her underlying complaint -- because in the complaint, Plaintiff does not make a separate allegation relating to her gender dysphoria and request for the SRS. Dkt. 21.

Because it was unclear to the Court whether Plaintiff's "Supplemental Motion/Additional Grounds" was meant to be an amendment to her complaint, the Court instructed Plaintiff to take one of the following actions by September 20, 2023:

1. File one pleading -- "Second Amended Complaint" – to include claims from both the Amended Complaint (Dkt. 9) and her "Supplemental Motion/Additional Grounds" (Dkt. 17), if this is what she intended;
2. File a motion for leave to file an amended complaint or get Defendants' consent to amend under Federal Rule of Civil Procedure 15(a)(2) if she seeks to make additional allegations beyond the claims in Dockets 9 and 17; or
3. Inform the Court that Docket 9 is the complete complaint before the Court.

See Dkt. 24.

Plaintiff was informed that if she did not respond by September 20, 2023, the Court would consider the Amended Complaint (Dkt. 9) to be the operative complaint

NOTED FOR OCTOBER 13, 2023 - 2

1  and would strike "Supplemental Motion/Additional Grounds" (Dkt. 17) from the record.
2  *Id.*
3        Plaintiff did not file any response by September 20, 2023. Thus, the Amended
4  Complaint is the operative complaint; the Clerk of Court should be directed to strike Dkt.
5  17 because it was not properly submitted under the Federal Rules of Civil Procedure or
6  the Western District of Washington's Local Civil Rules.

## DISCUSSION

8        Injunctions are "to be used sparingly, and only in a clear and plain case." *Rizzo v.*
9  *Goode*, 423 U.S. 362, 378 (1976); *see also Sampson v. Murray*, 415 U.S. 61, 83 (1974).
10 "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*
11 *v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Instead, injunctive relief "may
12 only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at
13 22. To obtain a preliminary injunction, a party must demonstrate that: (1) they are likely
14 to succeed on the merits; (2) they will likely suffer irreparable harm in the absence of
15 preliminary relief; (3) the balance of equities tips in their favor; (4) an injunction is in the
16 public interest. Id. at 20.
17       Under the Prison Litigation Reform Act, Congress has expressly required that
18 any grant of prospective relief with respect to prison conditions be narrowly drawn,
19 extend no further than necessary, and be the least intrusive means necessary for
20 correction. 18 U.S.C. § 3626(a)(1)(A); *see Gomez v. Vernon*, 255 F.3d 1118, 1129 (9th
21 Cir. 2001).
22       Plaintiff's motion for preliminary injunction should be denied because the relief
23 sought by Plaintiff is unrelated to the claims raised in her Amended Complaint. A

NOTED FOR OCTOBER 13, 2023 - 3

preliminary injunction is only intended to give intermediate relief of the same character that will be granted should the party seeking the injunction succeed on the underlying claims. *De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945); *Pacific Radiation Oncology, LLC v. Queen's Medical Center,* 810 F.3d 631, 636 (9th Cir. 2015). A district court lacks authority to grant injunctive relief to address matters that have no relationship or nexus to the claims set forth in the underlying complaint. *Pacific Radiation Oncology*, 810 F.3d at 635-638; *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam).

Plaintiff was given the opportunity to either clarify whether the document she submitted as Docket 17 was intended to be an amendment to the operative complaint -- or if she wanted to add additional claims, then she would need to follow Fed. R. Civ. P. 15 and LCR 15, and make a motion for leave to amend and file an amended complaint with all of her claims. Dkt. 24. But, she did not respond. Dkt. 24, 29. Thus, Plaintiff's motion for preliminary injunction should be DENIED, and Docket 17 should be stricken.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court DENY Plaintiff's motion for preliminary injunction.

The Court should also instruct the Clerk to strike Plaintiff's "Supplemental Motion/Additional Grounds", Dkt. 17, from the record because Plaintiff has not responded to the Court's order to show cause and Docket 17 is not properly before the Court.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 72(b);

*see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on October 13, 2023, as noted in the caption.

Dated this 27th day of September, 2023.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge