UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NAOMI SUE WHITE EAGLE, | CASE NO. C22-5410 BHS-TLF |
| Plaintiff, | ORDER |
| v. | |
| J MICHAELIS, et al., | |
| Defendants. | |

THIS MATTER is before the Court on Magistrate Judge Theresa L. Fricke's Report and Recommendation (R&R), Dkt. 43, recommending that the Court grant Defendants Brandon Duncan and Melissa Holdway's motion for summary judgment, Dkt. 25, and dismiss the claims against Defendants Duncan and Holdway with prejudice.

White Eagle alleges that Defendant Holdway, a psychology associate with the Department of Corrections (DOC), violated her constitutional rights in a variety of ways. She alleges Holdway violated her Eighth Amendment rights by not providing her with treatment for her stomach and bowel issues and by responding with deliberate indifference to White Eagle's concern that, if White Eagle were found to be mentally unstable, she may not qualify for gender reaffirming surgery. Dkt. 9 at 5, 17. She further

ORDER - 1

argues that when Holdway offered her patients recreational materials during COVID-19 lockdowns she violated White Eagle's constitutional rights because the offer did not constitute proper medical treatment. Dkt. 9 at 6.

The R&R concludes that White Eagle failed to present sufficient evidence of a constitutional violation by Defendants Holdway and Duncan. It concludes that White Eagle "failed to put forth any evidence to support a genuine issue of material fact regarding whether Defendant Holdway had any personal participation" in White Eagle's health care. It reasons that, as "a mental health provider, Defendant Holdway did not prescribe, assign or schedule medical treatments or appointment" and that she therefore "would not have been responsible" for treating White Eagle's bowel and stomach issues or canceling her medical appointments.

The R&R determined that, although White Eagle named as a defendant Brandon Duncan, a resolution specialist with DOC, she failed to make any factual allegations against him. Dkt. 43 at 9. The R&R determined there was "no evidence that Mr. Duncan personally participated in any of the acts or omissions alleged by Plaintiff" and therefore recommended dismissal with prejudice of the claims against him. *Id*.

Finally, the R&R explains the stringent "deliberate indifference standard" necessary to establish an Eighth Amendment violation and concludes that both Holdway and Duncan are entitled to qualified immunity given White Eagle's failure to submit evidence that the defendants personally participated in the allegations. Dkt. 43 at 11.

White Eagle has not objected to the R&R.

1     A district court "shall make a de novo determination of those portions of the report or specified proposed finding or recommendations *to which objection is made*." 28 U.S.C. § 636(b)(1)(C) (emphasis added); *accord* Fed. R. Civ. P. 72(b)(3). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). A proper objection requires "specific written objections to the proposed findings and recommendations" in the R&R. Fed. R. Civ. P. 72(b)(2).

    The Court, having reviewed the R&R and the remaining record, does hereby **ADOPT** the R&R, Dkt. 43, in full. Defendants Holdway and Duncan's motion for summary judgment, Dkt. 25, is **GRANTED**. Plaintiff White Eagle's claims against Defendants Duncan and Holdway are **DISMISSED with prejudice**.

    **IT IS SO ORDERED**.

    Dated this 29th day of January, 2024.

BENJAMIN H. SETTLE
United States District Judge